UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL W. SIMMS,           )
                            )
        Plaintiff,          )
                            )
    v.                      )    No. 4:14-CV-243 CAS
                            )
NATIONSTAR MORTGAGE, LLC, et al., )
                            )
        Defendants.         )

**ORDER CONCERNING REMOVAL**

This matter is before the Court on review of the file following removal. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).

Plaintiff initially filed suit in the Circuit Court of St. Louis County, State of Missouri. The petition alleged a state law claim for wrongful foreclosure. Defendant Nationstar Mortgage, LLC ("Nationstar") removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiff subsequently filed an amended petition.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its

jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii) (2011); Ratermann v. Cellco P'ship, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" Id.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a). For limited liability companies such as defendant Nationstar, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("GMAC"). In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing 28 U.S.C. § 1447(e)).

Nationstar's removal notice is procedurally defective because it does not allege sufficient facts to establish the Court's jurisdiction over this matter. Plaintiff alleges in his petition that he "resides" in the State of Missouri. Nationstar's removal notice states that plaintiff is a "resident" of Missouri but does not allege facts concerning plaintiff's citizenship. Notice of Removal at 3. Rather than allegations of each party's state of *residence*, there must be allegations of each party's state of *citizenship*. Sanders, 823 F.2d at 216; see 28 U.S.C. § 1332(a). It is well established that

2

an allegation of residence is not the equivalent of an allegation of citizenship, Sanders, 823 F.2d at 216, and does not satisfy the pleading requirements for federal diversity jurisdiction under § 1332(a)(1). Jones v. Hadican, 552 F.2d 249, 251 n.3 (8th Cir. 1977); Pattiz v. Schwartz, 386 F.2d 300, 301 (8th Cir. 1968).

Further, the Notice of Removal alleges that Nationstar is a limited liability company ("LLC") with its principal place of business in Texas, and that its members are two Delaware limited liability companies, both of which are wholly owned by NSM Holdings, Inc., a Delaware corporation. The citizenship of an LLC for diversity purposes is that of its members. GMAC, 357 F.3d at 829. Because Nationstar's members are also LLCs, the citizenship of NSM Holdings, Inc. determines Nationstar's citizenship for diversity purposes. The Notice of Removal alleges that NSM Holdings, Inc. is a Delaware corporation, but fails to allege the location of its principal place of business. A corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372 (1978). In addition, "In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed." Knudson v. Systems Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011) (quoted case omitted).

For these reasons, the Notice of Removal fails to adequately allege plaintiff's and Nationstar's citizenship. The Court will grant Nationstar three (3) days in which to file an amended Notice of Removal alleging the existence of the requisite diversity of citizenship of the parties. Consistent with 28 U.S.C. § 1446(a), which requires that the notice of removal contain a "short and plain statement" of the grounds for removal and be signed pursuant to Rule 11, Federal Rules of Civil Procedure, this Order requires only allegations of the requisite jurisdictional facts.

Nationstar's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **April 18, 2014**, defendant Nationstar shall file an Amended Notice of Removal which shall allege facts establishing plaintiff's citizenship and the state(s) of citizenship of Nationstar's ultimate member, NSM Holdings, Inc., both at the time of filing and the time of removal.

**IT IS FURTHER ORDERED** that if defendant Nationstar does not timely and fully comply with this order, this matter will be remanded to the state court from which it was removed, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of April, 2014.