UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL W. SIMMS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-243 CAS |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on plaintiff Michael W. Simms' Motion to Remand. Defendants Nationstar Mortgage, LLC ("Nationstar") and Federal National Mortgage Association ("Fannie Mae") oppose the motion. For the following reasons, the Court concludes that federal diversity jurisdiction exists and plaintiff's motion to remand must be denied, and that plaintiff's claims against defendants St. Louis County, Missouri and the Metropolitan St. Louis Sewer District should be dismissed for fraudulent joinder.

**I. Background**

Plaintiff filed this action in state court alleging wrongful foreclosure and naming as defendants Nationstar, Fannie Mae, the St. Louis County Department of Revenue ("St. Louis County"),[1] and the Metropolitan St. Louis Sewer District ("MSD").

---

[1]The St. Louis County Department of Revenue is a department of St. Louis County, Missouri, and is not itself a juridical entity that can sue or be sued under Missouri law. Cf. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (city's police department and paramedic services were departments or subdivisions of city government, so claims against them were properly dismissed); Catlett v. Jefferson County, 299 F.Supp.2d 967, 968 (E.D. Mo. 2004) (county sheriff's department lacked capacity to be sued under Missouri law; dismissing claims against it). The St. Louis County Department of Revenue is therefore not a proper defendant in this action and claims against it would properly be dismissed. See Ketchum, 974 F.2d at 82. However, St. Louis County, Missouri voluntarily entered an appearance in this action. As a result, the Court

Complete diversity was lacking on the face of the petition as plaintiff, St. Louis County and MSD are citizens of the State of Missouri.[2] Nationstar removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a)(1), claiming that St. Louis County and MSD were nominal parties fraudulently joined to defeat diversity, whose citizenship should be disregarded for purposes of diversity jurisdiction. Defendant Fannie Mae consented to the removal. Nationstar is a Delaware limited liability company whose members, also Delaware limited liability companies, are wholly owned by NSM Holdings, Inc., a Delaware corporation with its principal place of business in Texas. Nationstar is therefore a citizen of Delaware and Texas. Fannie Mae is a citizen of the District of Columbia pursuant to 12 U.S.C. § 1717(a)(2)(B).

Within twenty-one days of removal, plaintiff filed an Amended Petition that added a new defendant to the wrongful foreclosure count, South & Associates, PC ("South"), a Missouri professional corporation. The Amended Petition also included a second count, for quiet title against

---

will construe the petition as asserting a claim against St. Louis County instead of the St. Louis County Department of Revenue.

[2]St. Louis County is a legal subdivision of the State of Missouri, see Mo. Const. Art. VI, § 1, and is a charter county organized in accordance with the provision of Mo. Const. Art. VI, § 18. See State ex inf. Ashcroft ex rel. St. Louis Cnty. v. O'Brien, 610 S.W.2d 638, 639 (Mo. Ct. App. 1980). As such, St. Louis County is a "body politic and corporate" with significant government powers, and is a citizen of Missouri for federal diversity jurisdiction purposes. See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1978) (noting that "counties and similar municipal corporations" are not arms of States); Illinois v. City of Milwaukee, 406 U.S. 91, 97 (1972) ("It is well settled that for the purposes of diversity of citizenship, political subdivisions are citizens of their respective States.").

Defendant MSD is also a citizen of the State of Missouri for purposes of diversity jurisdiction, as it is a "body corporate, a municipal corporation, and a political subdivision of the state, with power to . . . sue and be sued, contract and be contracted with, and in other ways to act as a public corporation" within the purview of its Charter. See Charter (Plan) of The Metropolitan St. Louis Sewer District, Article 1, § 1.010 (available at: http://www.\stlmsd.com/portal/pls/portal/!PORTAL/.wwpob_page.show?_docname=448784.PDF.)

2

St. Louis County and MSD. On the same day Amended Petition was filed, plaintiff filed his motion to remand. The motion to remand asserts that complete diversity of citizenship does not exist because plaintiff and South share Missouri citizenship.[3] The motion to remand does not address the citizenship of St. Louis County and MSD. Nationstar and Fannie Mae oppose remand, arguing that South is a nominal party whose citizenship must be disregarded for purposes of diversity jurisdiction, and that St. Louis County and MSD are nominal parties who were fraudulently joined, and therefore their citizenship must also be disregarded.

After the motion to remand was fully briefed, the Court stayed the case and ordered Nationstar to file an amended Notice of Removal to include factual allegations concerning plaintiff's state of citizenship, as opposed to his state of residence, see Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987), and NSM Holdings, Inc.'s principal place of business, see 28 U.S.C. § 1332(c)(1) (corporation is a citizen of its states of incorporation and principal place of business). Nationstar has done so, and the stay of this matter will be vacated.

For the following reasons, the Court concludes that South is a nominal party whose citizenship should be disregarded for purposes of diversity jurisdiction, and that St. Louis County and MSD were fraudulently joined herein and plaintiff's claims against them should be dismissed. The Court further concludes that complete diversity of citizenship exists among the real parties in interest to this action, plaintiff, Nationstar and Fannie Mae, and therefore it has subject matter jurisdiction over this action. Plaintiff's motion to remand will be denied.

---

[3]There is no dispute that the requisite amount in controversy is met. See 28 U.S.C. § 1332(a).

## II. Discussion

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (1996) (citing 28 U.S.C. § 1441(b)). "A claim may be removed only if it could have been brought in federal court originally." Id. "Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand." Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009) (internal citation and cited case omitted).

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 564 (2005) (cited case omitted). Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

In determining whether complete diversity of citizenship exists, a federal court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460-61 (1980). "Nominal parties are generally those without a real interest in the result of the suit or an ownership interest in the funds at issue, or those named merely as the holder of the stakes between the plaintiff and the defendant." Caranchini v. Kozeny & McCubbin, LLC, 2011 WL 5921364, at *3 (W.D. Mo. Nov. 28, 2011). "The 'real party in interest' is the person who, under governing substantive law, is entitled to enforce

the right asserted, and in a diversity case, the governing substantive law is ordinarily state law[.]" Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977). "A defendant's citizenship may be disregarded when it is clear that the defendant (1) is neither necessary nor indispensable, (2) has no stake in the litigation, and (3) has no real, present claims for relief sought against it." Mundle v. Linde, LLC, 2011 WL 1526965, at *2 (E.D. Mo. Apr. 20, 2011); see 15 James Wm. Moore, et al., Moore's Federal Practice § 102.15 (3d ed. 2013).

The Court must therefore determine whether South is a nominal party whose citizenship must be disregarded for purposes of diversity jurisdiction, and whether St. Louis County and MSD are nominal parties or were fraudulently joined in this action.

A. Defendant South

The Amended Petition alleges by implication that defendant South is the trustee that advertised and sold the property and executed and delivered the trustee's deed. The Amended Petition explicitly alleges that South knowingly and intentionally failed to provide plaintiff with notice of the sale, and seeks to void the foreclosure sale and trustee's deed based on the lack of notice. In the reply in support of his motion to remand, plaintiff asserts that South is an "indispensable party" that has a "stake in the litigation" but does not identify what that stake is. Pl.'s Reply at 2. Plaintiff also asserts that he has "made a real and present claim" against South, because he alleges that it did not provide proper notice of the foreclosure thus rendering the foreclosure sale void. Id. at 2-3.

In opposing the motion to remand, Nationstar and Fannie Mae state that under Missouri law, the trustee of a deed of trust is a nominal party in an equitable foreclosure claim, as the trustee lacks a real interest in the result of the suit or an ownership interest in the property at issue and is a mere

5

stakeholder between the real parties in interest, the creditor and the debtor. The defendants cite three recent decisions from the United States District Court for the Western District of Missouri holding that in a wrongful foreclosure action, the citizenship of the trustee of the deed of trust should be disregarded because the trustee is a nominal party for purposes of diversity jurisdiction. See Wyatt v. Liberty Mortg. Corp., 2013 WL 6730298, at *4 (W.D. Mo. Dec. 19, 2013); Wivell v. Wells Fargo Bank, N.A., 2013 WL 2089222, at **2-3 (W.D. Mo. May 14, 2013); and Caranchini v. Kozeny & McCubbin, LLC, 2011 WL 5921364, at *3 (W.D. Mo. Nov. 28, 2011).

South, as successor trustee under the deed of trust, is merely a nominal party to this action. Although the trustee of a deed of trust can be a proper defendant in a Missouri action to set aside a foreclosure sale, Casper v. Lee, 245 S.W.2d 132, 138 (Mo. 1952) (en banc), it is well established that the trustee is not an indispensable or even a necessary party without whose presence there could not be a complete determination of the controversy. Id. Indeed, the Missouri Supreme Court has held that a trustee named in a deed of trust is a "nominal party defendant" in an action to cancel a deed of trust and enjoin a threatened foreclosure sale. Walker v. Allebach, 189 S.W.2d 282, 282 (Mo. 1945); see Brown v. Curtin, 52 S.W.2d 387, 392 (Mo. 1932) (en banc) (in action to enjoin foreclosure of a deed of trust on real property "the trustee in the deed of trust is included as a more or less formal defendant."); Butts v. Swan, 269 S.W. 1, 2 (Mo. Ct. App. 1925) (in action to set aside foreclosure sale, trustee who conducted sale "was made a party defendant, but his interest is only nominal."); cf. Stafford v. Fizer, 82 Mo. 393 (Mo. 1884) (trustee of deed of trust with power of sale was a nominal party and "not a competent party to foreclose by suit without joining the beneficiary with him.").

Even where a trustee is alleged to have committed misconduct in carrying out his duties, as here, the trustee remains a nominal party who is not necessary to a complete determination of the controversy. See Casper, 245 S.W.2d at 136, 138-39 (although trustee was alleged to have fraudulently and unlawfully conducted foreclosure sale, he was not a necessary party without whose presence there could not be a complete determination of the controversy).

Plaintiff's insistence that he asserts a "real claim" against South does not change this result. Based on the Missouri precedent cited above, South is a nominal party even though plaintiff alleges that South knowingly and purposely acted unlawfully in conducting the foreclosure sale. See id. Further, although Count I of the Amended Petition asserts a claim for damages against South, plaintiff cannot recover damages in his wrongful foreclosure count. Missouri law recognizes two distinct causes of action for wrongful foreclosure; one is a tort action and the other is an equitable action. See Dobson v. Mortgage Elec. Registration Sys., Inc./GMAC Mortg. Corp., 259 S.W.3d 19, 22 (Mo. Ct. App. 2008) (discussing differences between the two actions). A party may not obtain both the equitable relief of setting aside the foreclosure and damages at law for wrongful foreclosure. Kennon v. Camp, 353 S.W.2d 693, 696 (Mo. 1962).

The Amended Petition does not specify which type of wrongful foreclosure action plaintiff asserts, but it is necessarily an equitable action. "A plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." Dobson, 259 S.W.3d at 22 (citing cases). "If there is a right to foreclose, there can be no tort cause of action for wrongful foreclosure." Id. (citing cases). In contrast, if the mortgagee had the right to foreclose but the sale is void or voidable, for example because notice of the sale was not provided to the owner of the

7

foreclosed property, the remedy is a suit in equity to set aside the sale. Id. A plaintiff asserting an equitable claim of wrongful foreclosure does not have to prove that he was not in default, only that the sale was void or voidable. Id. A plaintiff asserting an equitable claim cannot obtain damages but rather can only seek to have the sale set aside. Id. (citing Peterson v. Kansas City Life Ins. Co., 98 S.W.2d 770, 773-75 (Mo. 1936)).

Here, the Amended Petition does not allege that plaintiff was not in default when the foreclosure proceeding was begun. Instead, it alleges that plaintiff was not given notice of the foreclosure sale and, as a result, the foreclosure is void. Plaintiff's claim for wrongful foreclosure is therefore an equitable action for which he cannot obtain damages against South or any other defendant, but rather can only seek to have the foreclosure set aside. There are no allegations that South has an ownership interest in the foreclosed property or an independent right to sell or dispose of it. The Court therefore agrees with the Western District decisions holding that in an equitable wrongful foreclosure case, the trustee is a nominal party whose citizenship is disregarded for purposes of federal diversity jurisdiction. See Wyatt, 2013 WL 6730298, at *4. The Court will therefore disregard South's citizenship in determining whether diversity jurisdiction exists in this matter.

### B. Defendants St. Louis County and MSD

The Amended Petition alleges that defendant St. Louis County is "a political authority to whom real property taxes are due" on the foreclosed property and that it "may claim an interest and has full right to lien on said property and sell said property for collection of taxes." Am. Pet. at 1-2, ¶ 5. The petition alleges that MSD is a political subdivision of the State of Missouri with a lien on the foreclosed property as a result of services rendered by it that remain unpaid. Am. Pet. at 2, ¶ 6;

8

at 8, ¶ 29.  Plaintiff asserts that St. Louis County and MSD are indispensable parties to Count II, the quiet title action, because, "If you don't pay your property taxes, your house can be sold by St. Louis County."  Pl.'s Reply at 3-4.  Plaintiff cites no legal authority in support of his assertion that lienholders are proper parties defendant in a quiet title action.

Nationstar and Fannie Mae respond that St. Louis County and MSD are nominal parties who have been fraudulently joined in this action and whose citizenship should be disregarded, as these defendants' ability to assess and collect property taxes and sewer charges is unaffected by who owns the property or what mortgages or liens may exist on it, and that ability will be unaffected by the outcome of this litigation.  Nationstar and Fannie Mae assert that under Missouri law, tax liens levied against real property "become a fixed encumbrance as soon as the amount of the taxes is determined by assessment and levy, and said lien shall be enforced as provided by law; said lien shall continue to be enforced until all taxes, forfeitures, back taxes and costs shall be fully paid or the land sold or released as provided by law."  Mo. Rev. Stat. § 137.085.2 (2000).[4]  Nationstar and Fannie Mae state that under Missouri law, there are three means by which tax liens can be removed as an encumbrance on real property: "(1) full payment of taxes due, (2) sale and recovery of the proceeds, and (3) 'released as provided by law.'"  Rottjakob v. Leachman, 521 S.W.2d 397, 402 (Mo. 1975) (en banc).  They assert that none of the available means to remove a tax lien includes a quiet title action, and argue that the outcome of this litigation will have no effect on any liens on the property by St. Louis County and MSD.

Fraudulent joinder is an exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the petition for removal is filed.  Knudson v. Systems

---

[4] All subsequent statutory references are to the Revised Statutes of Missouri (2000).

Painters, Inc., 634 F.3d 968, 976 (8th Cir. 2011). "[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" Id. (quoted case omitted). "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." Id. (cited source omitted).

"Ordinarily, to prove that a plaintiff fraudulently joined a diversity-destroying defendant, [the Eighth Circuit has] required a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" Knudson, 634 F.3d at 977 (quoting Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003)). Under this standard, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Filla, 336 F.3d at 810 (internal quotation marks omitted). Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811.

As the Eighth Circuit explained in Filla,

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to *definitively* settle the ambiguous question of state law.

Id. at 811 (citations omitted). "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide.'" Id. (quoting Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977))."

As a threshold matter, the Court must determine the nature of the claim plaintiff asserts against St. Louis County and MSD. Federal courts "do not rely on the names of the causes of action that the plaintiff alleges. Instead we look at the substance of the allegations, based on a fair reading." In re Baycol Products Litig., 732 F.3d 869, 875 n.4 (8th Cir. 2013) (quoted case omitted). Missouri courts apply a similar principle. See Johnson v. Saddler, 322 S.W.3d 544, 546 (Mo. Ct. App. 2010) ("[T]he character of a cause of action must . . . be determined from the facts stated in the petition and not by the prayer or the name given the action by the pleader.").

The Missouri Supreme Court has held that "[a]ctions which only determine the existence or non-existence of liens on real estate are not actions involving title to real estate[.]" Peatman v. Worthington Drainage Dist., 168 S.W.2d 57, 59 (Mo. 1943). In Peatman, the plaintiff filed an action that on its face purported to be an action to quiet and determine title to real property, but the only issue for determination was whether the plaintiff's land was encumbered by a lien for drainage tax that had been imposed on the property. The Missouri Supreme Court held that it was not a quiet title action and did not involve the title to real property. Id. at 58-59. In an earlier case, the en banc Missouri Supreme Court definitively stated that title or ownership of real property is not at issue in suits on tax and other liens:

> the decisions of this court have ruled consistently and uniformly since the adoption of the Constitution in 1875 . . . that suits to foreclose or enforce mortgages, tax bills, mechanic's liens, and other liens do not involve title to real estate. <u>In all such cases title is necessarily conceded to be in the defendant</u>, and the plaintiff's action, instead of disputing the defendant's title, merely endeavors to subject the land, as the defendant's property, to the plaintiff's lien rights.

Nettleton Bank v. McGauhey's Estate, 2 S.W.2d 771, 774 (Mo. 1928) (en banc) (emphasis added).

Based on the foregoing precedent, the Court finds that although Count II is named a "quiet title" action, the substance of its allegations is not to determine the title to land but rather for a

11

declaration of the existence or non-existence of tax and sewer liens. As a matter of law, St. Louis County and MSD assert no ownership interest in the property as a result of their tax and sewer liens. See Nettleton Bank, 2 S.W.2d at 774. Even if St. Louis County and MSD had filed suit to foreclose on the liens, plaintiff's title to the property would not be placed in question as a result, see id., so the mere existence of their liens on the property does not call plaintiff's title into question. Further, as Nationstar and Fannie Mae observe, plaintiff cannot seek to extinguish the tax and sewer charge liens through a quiet title action. See Rottjakob, 521 S.W.2d at 402 (listing the three methods of removing tax liens).[5] Therefore, plaintiff cannot obtain any relief against St. Louis County or MSD by means of a quiet title action and Count II is not in substance a quiet title action.

The Court next examines whether there is arguably a reasonable basis for determining that Missouri law might impose liability on defendants St. Louis County and MSD based on the facts as alleged in Count II of the Amended Petition. Missouri law authorizes the imposition of liens as fixed encumbrances on real property where real estate taxes and sewer charges remain unpaid. See Mo. Rev. Stat. § 137.085.2 (real estate taxes), § 249.255.1 (sewer charges). Plaintiff pleads in Count II that unpaid real estate taxes and sewer charges are due on the foreclosed property. See Am. Pet. at 2-3, ¶ 5; at 8, ¶¶ 28-29.

The Court concludes that plaintiff fails to state a claim against St. Louis County or MSD in Count II, because he admits that he owes real property taxes to St. Louis County and sewer charges to MSD. State law authorizes St. Louis County and MSD to impose liens on real property for

---

[5]Pursuant to § 249.255.1, Mo. Rev. Stat., where a "public sewer district created and organized pursuant to constitutional or statutory authority place[s] a lien upon a customer's property for unpaid sewer charges, the lien shall have priority as and be enforced in the same manner as taxes levied for state and county purposes." Thus, MSD's sewer charge lien could only be removed from the property in the same way as St. Louis County's tax lien.

unpaid real property taxes and sewer charges, and plaintiff therefore cannot prevail on his prayer that these defendants' liens be extinguished and no longer encumber the property.

For these reasons, the Court further concludes it is clear under Missouri law that Count II of the Amended Petition does not state a cause of action against St. Louis County or MSD, as there is no reasonable basis for predicting that state law might impose liability against these defendants based upon the facts involved. Plaintiff's joinder of defendants St. Louis County and MSD is therefore fraudulent and the claims against them will be dismissed. See Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1031 (8th Cir. 2012) ("The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims."); see also Block v. Toyota Motor Corp., 665 F.3d 944, 951 (8th Cir. 2011) (affirming dismissal of fraudulently joined party from action).

## III. Conclusion

For the foregoing reasons, the Court concludes that the citizenship of nominal defendant South must be disregarded for purposes of federal diversity jurisdiction, and that plaintiff's claims against defendants St. Louis County and MSD should be dismissed on the basis of fraudulent joinder. As a result, complete diversity of citizenship is present among the real parties in interest, plaintiff and defendants Nationstar and Fannie Mae, and plaintiff's motion to remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the stay of this matter is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Remand is **DENIED**. [Doc. 11]

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants St. Louis County, Missouri (sued as St. Louis County Department of Revenue) and the Metropolitan St. Louis Sewer District are **DISMISSED**.

An order of partial dismissal will accompany this Memorandum and Order.

                                                                           **CHARLES A. SHAW**
                                                                           **UNITED STATES DISTRICT JUDGE**

Dated this  18th  day of April, 2014.