# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. SIMMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-243 CAS |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on defendant South & Associates, P.C.'s ("South") Motion to Dismiss Plaintiff's First Amended Petition ("Petition"), and plaintiff Michael W. Simms' ("plaintiff") Motion to File Second Amended Complaint. The motions are fully briefed and ready for decision. For the following reasons, the Court will grant in part and deny in part South's motion to dismiss the Petition, and grant in part and deny in part plaintiff's motion for leave to file a second amended complaint. Plaintiff will be granted leave to file a second amended complaint in accordance with this Memorandum and Order.

## I. Background

This case arises out of a foreclosure sale that occurred on November 27, 2012, of real property owned by plaintiff and commonly known as 6175 Newton Terrace Drive, St. Louis, Missouri 63129. South, a law firm, was appointed successor trustee under a deed of trust held by defendant Nationstar Mortgage, LLC ("Nationstar"). South sold the property at foreclosure in its capacity as successor trustee. Count I of the Petition asserts a claim of wrongful foreclosure against Nationstar, the Federal National Mortgage Association ("Fannie Mae") and South. The Petition alleges there is no evidence that South mailed plaintiff notice of the foreclosure sale as required by

Missouri law, alleges that plaintiff did not receive written notice of the sale, and asserts that the sale is void as a result. Count I asks that the foreclosure be set aside as unlawful and also seeks actual and punitive damages. Count II asserts a claim to quiet title against the defendants.

Plaintiff originally filed this action in state court alleging wrongful foreclosure and naming as defendants Nationstar, Fannie Mae, St. Louis County and the Metropolitan St. Louis Sewer District ("MSD"). Complete diversity was lacking on the face of the petition as plaintiff, St. Louis County and MSD are citizens of the State of Missouri. Nationstar removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a)(1), claiming that St. Louis County and MSD were nominal parties fraudulently joined to defeat diversity whose citizenship should be disregarded for purposes of diversity jurisdiction. Shortly after removal, plaintiff filed the Petition adding South as a defendant, and also filed a motion to remand.

In the Memorandum and Order of April 18, 2014 (Doc. 31), the Court concluded that South was a nominal party whose citizenship should be disregarded for purposes of diversity jurisdiction, and that St. Louis County and MSD were fraudulently joined and plaintiff's claims against them should be dismissed. The Court further concluded that complete diversity of citizenship existed among the real parties in interest to this action, namely plaintiff, Nationstar and Fannie Mae, and denied plaintiff's motion to remand.

In the instant motion, South moves to dismiss plaintiff's claims against it for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P. Plaintiff opposes the motion to dismiss and seeks leave of Court to file a second amended complaint that provides additional factual allegations in the wrongful foreclosure and quiet title counts, and adds an abuse of process count.

## II. Legal Standard - Motion to Dismiss

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id. Plausibility is assessed by considering only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint[.]" Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012) (quoted case omitted).

**III. Discussion**

    A.  <u>Wrongful Foreclosure Claim</u>

In Count I, plaintiff asserts a wrongful foreclosure claim that seeks actual and punitive damages, as well as equitable relief. In moving for dismissal, South states that under applicable Missouri law, a party can either bring a "suit in equity to set aside the sale, or let the sale stand and sue at law for damages," quoting <u>Edwards v. Smith</u>, 322 S.W.2d 770, 776 (Mo. 1959), but that these are mutually exclusive remedies. South asserts that plaintiff's wrongful foreclosure claim, although labeled as one count, asserts two separate causes of action: a tort claim for wrongful foreclosure and a separate equitable action for wrongful foreclosure. South argues that plaintiff conflates the two causes of action and fails to state a claim as to either.

South argues that plaintiff fails to plead a tort claim for wrongful foreclosure because he does not plead the required element that he was not in default at the time of the foreclosure, citing <u>Dobson v. Mortgage Electronic Registration Systems, Inc./GMAC Mortgage Corp.</u>, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008).

Without specifying what type of wrongful foreclosure claim or claims he asserts, plaintiff responds that he can bring an action for wrongful foreclosure because failure to provide notice of foreclosure sale to the owner of the foreclosed property is a substantial defect that renders the sale void and prevents transfer of the property irrespective of default, citing <u>Williams v. Kimes</u>, 996 S.W.2d 43, 45 (Mo. 1999) (en banc) ("<u>Williams II</u>"). Plaintiff also argues that he can be placed back in his home and also obtain damages associated with the foreclosure, citing <u>Siesta Manor, Inc. v. Community Federal Savings and Loan Ass'n</u>, 716 S.W.2d 835 (Mo. Ct. App. 1986).[1]

---

[1]The Court notes that in <u>Siesta Manor</u>, the borrower sued in Jefferson County Circuit Court to set aside a foreclosure sale as inequitable. The trial court refused to set the sale aside because

South argues that plaintiff also fails to plead equitable grounds to set aside the sale, because a mortgagee's act of commencing a foreclosure cannot be wrongful when there is a valid deed of trust and a right to foreclose, citing <u>Peterson v. Kansas City Life Insurance Co.</u>, 98 S.W.2d 770, 773 (Mo. 1936). South asserts that a legitimate attempt to exercise the power of sale will not result in the sale being void, but rather only voidable, and that insufficiency of notice goes to voidability, citing <u>Donovan v. Frick</u>, 458 S.W.2d 282, 287 (Mo. 1970). South contends that plaintiff's claim for equitable foreclosure fails as a matter of law because the Petition fails to allege that plaintiff was not actually aware of the foreclosure sale, citing <u>Macon-Atlanta State Bank v. Gall</u>, 666 S.W.2d 934, 940 (Mo. Ct. App. 1984). South also contends that plaintiff's claim for equitable relief should be denied because plaintiff failed to plead his ability or willingness to redeem the property as required by Missouri law, citing <u>Young v. Kansas City Life Insurance Co.</u>, 43 S.W.2d 1046, 1048 (Mo. 1931).

Plaintiff responds that where a sale is void, as here, and he has alleged that South as substitute trustee wholly ignored the requirement to provide him with notice as required by the deed of trust and § 443.325.3, Missouri law does not require that he offer to redeem, citing <u>Axman v. Smith</u>, 57 S.W. 105, 107 (Mo. 1900).

---

portions of the land had been transferred to third parties. 716 S.W.2d at 837. The court instead ordered the lender to credit the borrower with proceeds the lender received when it sold the land, subject to any valid claims of the lender against the borrower. Ultimately, the borrower received a money judgment against the lender, <u>id.</u> at 838, but did not regain possession of the land. Thus, plaintiff's citation of <u>Siesta Manor</u> for the proposition that he can regain possession of the property and also obtain damages is incorrect. Further, the court of appeals in <u>Siesta Manor</u> was not required to decide whether the trial court's actions were correct, because the appeal concerned the dismissal on res judicata grounds of a separate action for money damages filed by the borrower in St. Louis County Circuit Court. <u>Id.</u> at 836-37.

### 1. Successor Trustee as Proper Party

South asserts a threshold argument that it should be dismissed from this case because as a successor trustee it has no interest in the property and is not alleged to have such an interest, and therefore it is not a necessary or indispensable party to this action. The Court rejects this argument. The Court previously determined that South is a nominal party to this action whose citizenship is disregarded for purposes of diversity jurisdiction. See Mem. and Order of April 18, 2014 at 8. Although South as successor trustee is not a necessary party to this suit, the trustee of a deed of trust is a proper party in an action to set aside a foreclosure sale. See Williams v. Kimes, 25 S.W.3d 150, 158 (Mo. 2000) (en banc) ("Williams III"); Casper v. Lee, 245 S.W.2d 132, 138 (Mo. 1952) (en banc). South's status as trustee, by itself, is not a basis for South's dismissal from this action.

### 2. Tort Action for Wrongful Foreclosure

Under well-established Missouri law, "A tort action for damages for wrongful foreclosure lies against a mortgagee only when the mortgagee had no right to foreclose at the time foreclosure proceedings were commenced. If there is a right to foreclose, there can be no tort cause of action for wrongful foreclosure." Dobson, 259 S.W.3d at 22 (internal citations and cited cases omitted); see also Lackey v. Wells Fargo Bank, N.A., 747 F.3d 1033, 1037 (8th Cir. 2014) (citing Dobson). As a result, "A plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose. A plaintiff must 'plead and prove such compliance with the terms of the deed of trust as would avoid lawful foreclosure.'" Dobson, 259 S.W.3d at 22 (internal citations and quoted case omitted); see also Reliance Bank v. Musselman, 403 S.W.3d 147, 149 (Mo. Ct. App. 2013) (same). Whether the mortgagor received proper notice of sale is irrelevant to a claim for

damages for wrongful foreclosure. <u>Fields v. Millsap & Singer, P.C.</u>, 295 S.W.3d 567, 571 (Mo. Ct. App. 2009).

Here, plaintiff's Petition does not state a claim for the tort of wrongful foreclosure, because he does not allege that the mortgage was not in default or that his compliance with the terms of the deed of trust was sufficient to avoid a lawful foreclosure when the foreclosure proceeding began.[2] As a result, to the extent Count I of the Petition asserts a tort claim for wrongful foreclosure at law, it will be dismissed.[3]

### 3. Equitable Action to Set Aside the Sale

If a mortgagee had the right to foreclose but the sale is void or voidable, the remedy is a suit in equity to set aside the sale. <u>Dobson</u>, 259 S.W.3d at 22. "Failure to provide notice of a foreclosure sale to owners of the foreclosed property is a substantial defect sufficient to render the sale void and prevent the transfer of title in the property." <u>Williams II</u>, 996 S.W.2d at 45; <u>see</u> <u>also</u> <u>Lackey</u>, 747 F.3d at 1037 (quoting <u>Williams II</u>). Section § 443.325.3, Missouri Revised Statutes (2000), requires a mortgagee initiating foreclosure under a power of sale to mail notice "not less than twenty days prior to the scheduled date of the sale . . . [t]o the mortgagor . . . named in the deed of trust at the foreclosing mortgagee's last known address for said mortgagor[.]" Although the statute requires that notice be mailed in compliance with its terms, it does not require actual receipt of notice by the addressee. <u>See</u> § 443.325.3(4). "It is only necessary that the notice be mailed to the last address of

---

[2]Plaintiff's proposed Second Amended Complaint also does not contain factual allegations that the mortgage was not in default.

[3]It is unclear whether plaintiff intended to assert a tort claim for wrongful foreclosure in Count I, or whether Count I asserts only an equitable foreclosure claim that seeks damages in addition to the equitable relief of setting aside the foreclosure. The latter may be theoretically possible under <u>Williams III</u>, 25 S.W.3d at 156, but the Court expresses no opinion as to whether such relief might be appropriate in this case.

the mortgagor known to the mortgagee." IPI Liberty Vill. Assocs. v. Spalding Corners Assocs., 751 S.W.2d 120, 124 (Mo. Ct. App. 1988). Under the statute, "Recording of receipt issued by the United States Post Office for certified or registered mail to evidence that said envelope has been delivered by the sender to the United States Post Office shall constitute proof of compliance with notice requirements[.]" § 443.325.3(4).

The Petition alleges that South failed to mail notice of the foreclosure sale to plaintiff as required by § 443.325.3. Although earlier Missouri decisions held that inadequate notice of a sale rendered it merely voidable, not void, where the secured debt was in default and the mortgagee had a clear right to foreclose, the Missouri Supreme Court held in Williams II that failure to provide the mortgagor with notice of the sale is a defect sufficient to render a foreclosure sale void.[4] 996 S.W.2d at 45. The Petition therefore alleges facts establishing a substantial defect potentially sufficient to void the sale.

### a. Failure to Plead Lack of Actual Notice

South's argument that plaintiff's equitable foreclosure claim must be dismissed because he did not plead that he lacked actual notice of the sale is not well taken. It is true that if a mortgagor receives actual notice of the sale, he cannot claim prejudice from the absence of statutory notice. Macon-Atlanta, 666 S.W.2d at 940 (violation of § 443.325.3 did not require foreclosure sale to be set aside where evidence showed mortgagors' attorney had knowledge of the impending sale and shared this knowledge with his client). South cites Macon-Atlanta for the proposition that plaintiff

---

[4]See Donovan v. Frick, 458 S.W.2d 282, 287 (Mo. 1970) (quoting Hrovat v. Bingham, 341 S.W.2d 365, 370-71 (Mo. Ct. App. 1960)); see also Adams v. Carpenter, 86 S.W. 445, 451 (Mo. 1905). In Williams II, the Missouri Supreme Court did not mention its prior cases when it held that a foreclosure sale without notice was void. Instead, it cited what appears to be dictum in Manard v. Williams, 952 S.W.2d 387, 391 (Mo. Ct. App. 1997) ("lack of any notice is such a fundamental procedural defect as to render null and void [a] foreclosure sale."). Williams II, 996 S.W.2d at 45.

must affirmatively plead he did not have actual notice of the sale to state a claim for equitable

foreclosure, but this argument stretches <u>Macon-Atlanta</u> beyond the scope of its holding.  The court

did not address pleading requirements in <u>Macon-Atlanta</u>, but rather the sufficiency of the evidence

supporting the judgment in a case that went to trial.  666 S.W.2d at 938.[5]  The instant case is before

the Court on a motion to dismiss and there is no indication in the Petition that plaintiff had actual

notice of the sale.  As a result, <u>Macon-Atlanta</u> does not provide support for South's argument that

plaintiff must plead the lack of actual notice or face dismissal of his equitable foreclosure claim.[6]

### b. Failure to Plead Offer to Redeem

South's second argument, that plaintiff fails to state a claim for equitable foreclosure because

he has not pleaded his ability or willingness to redeem the property, raises a more difficult question.

---

[5]The evidence at trial was that the mortgagor in <u>Macon-Atlanta</u> did not receive statutory notice of the foreclosure sale, but had actual notice more than twenty days before the sale occurred, had discussed it with his attorney, and presented no evidence he was in any way prejudiced by the lack of statutory notice.  666 S.W.2d at 940.  Because the plaintiff had actual notice and failed to show prejudice, the court held the lack of statutory notice was not a substantial irregularity requiring the sale to be set aside.  <u>Id.</u>

[6]Although not cited by either party, this Court recently dismissed a claim for equitable foreclosure in which the petition alleged that the mortgagee bank failed to mail the plaintiff a notice of foreclosure sale in violation of § 443.325.3.  <u>See</u> <u>Berringer v. JPMorgan Chase Bank, N.A.</u>, No. 4:14-CV-260 ERW, __ F.Supp.2d __, 2014 WL 1672012, at **5-6 (E.D. Mo. Apr. 28, 2014).  In <u>Berringer</u>, the Court stated, "Plaintiff fails to allege Defendant's purported violation of § 443.325.3 caused her to lack actual notice of the foreclosure sale and prejudiced her."  While this language viewed in isolation would seem to support South's argument that the lack of actual notice must be pleaded, the Court stated that the pleading failure was "particularly problematic" because the petition alleged that plaintiff's attorney had received notice of the sale.  <u>Id.</u> at *6.  The Court concluded the attorney's knowledge was properly imputed to the plaintiff and therefore she had actual notice of the sale, as in <u>Macon-Atlanta</u>.  <u>Id.</u> at *6.  Because the petition alleged plaintiff's attorney was provided notice of the sale and plaintiff failed to allege that she lacked actual notice and was prejudiced as a result, the Court concluded plaintiff failed to "plausibly" plead facts establishing a substantial defect sufficient to void the sale, as required by <u>Iqbal</u>, and her equitable foreclosure claim was dismissed.  <u>Id.</u>  The instant case is unlike <u>Berringer</u>, because the Petition here does not allege that plaintiff's attorney was provided notice of the sale.

9

Missouri law is not entirely clear as to when a mortgagor must make an offer to redeem in order to state a claim for equitable wrongful foreclosure, and when such an offer is not required.

South cites cases holding that a mortgagor must offer to redeem as a condition to setting aside a *voidable* sale, including <u>Young</u>, 43 S.W.2d at 1048, <u>McNatt v. Maxwell Investment Co.</u>, 50 S.W.2d 1040, 1044-45 (Mo. 1932); and <u>Wakefield v. Dinger</u>, 135 S.W.2d 17, 22 (Mo. Ct. App. 1939). In the instant case, however, plaintiff seeks to set aside a sale that he alleges is *void* for lack of notice. As stated above, the Missouri Supreme Court held that lack of notice is a substantial defect sufficient to render a foreclosure sale void. <u>Williams II</u>, 996 S.W.2d at 45. There was no discussion of the requirement of an offer to redeem in either <u>Williams II</u> or <u>Williams III</u>, 25 S.W.3d 150, and there is some Missouri authority that an offer to redeem is not to required to set aside a void sale, although those cases involve different facts than the present case. <u>See</u> <u>Axman</u>, 57 S.W. at 107; <u>Cobe v. Lovan</u>, 92 S.W. 93, 98 (Mo. 1906); <u>Spires v. Lawless</u>, 493 S.W.2d 65, 71 (Mo. Ct. App. 1973).

Based on the record before it and the cases cited by the parties discussed above, the Court cannot determine as a matter of law that plaintiff must plead his willingness or ability to redeem in order to survive a motion to dismiss. South's motion to dismiss plaintiff's equitable claim for wrongful foreclosure should therefore be denied.

B. <u>Quiet Title Claim</u>

Under Missouri law, a suit to quiet title is a statutory action and a "means to determine the respective estates, titles, and interests of multiple people claiming an interest in land." <u>Robson v. Diem</u>, 317 S.W.2d 706, 712 (Mo. Ct. App. 2010). The cause of action is created by § 527.150, Mo. Rev. Stat., which provides:

Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.

§ 527.150(1), Mo. Rev. Stat. "The statute is remedial in nature and is to be liberally construed." Jetz Service Co., Inc. v. KC Citadel Apts., L.L.C., 59 S.W.3d 527, 529 (Mo. Ct. App. 2001). "A plaintiff in an action to quiet title has the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of its own title and not on any weakness in the title of the other party." Ollison v. Village of Climax Springs, 916 S.W.2d 198, 203 (Mo. 1996) (en banc) (per curiam). While the statute establishes the elements of a quiet title claim, federal pleading standards–Rules 8 and 12(b)(6)–are applied to the state substantive law to determine if the petition asserts a claim under state law. Gerdes v. Federal Home Loan Mortg. Corp., 561 F. App'x 573, 573 (8th Cir. 2014) (unpublished per curiam).

South moves to dismiss plaintiff's quiet title claim, asserting that plaintiff fails to properly plead the elements of the claim. To state a cause of action to quiet title, a plaintiff must allege (1) ownership in the real property, (2) that the defendant claims some title, estate or interest in the real property, and (3) that the defendant's claim is adverse and prejudicial to the plaintiff, citing Kulovic v. BAC Home Loans Servicing, L.P., 2011 WL 1483374, at *10 (E.D. Mo. Apr. 19, 2011). Plaintiff must also plead facts showing that he has a superior title to the property at issue than the defendants. Meng v. Federal Home Loan Mortg. Corp., 2014 WL 1347556, at *2 (E.D. Mo. Apr. 4, 2014). South can establish a right to dismissal of the quiet title claim if it can show that plaintiff has failed to plead any one of the elements of the claim. Cf. Crowe v. Horizon Homes, Inc., 116 S.W.2d 618,

621 (Mo. Ct. App. 2003) (party is entitled to summary judgment in quiet title action if it can show the plaintiff lacks evidence to support any element of claim).

South's first argument is that plaintiff fails to sufficiently plead the second element of a quiet title action, that it claims any title, estate or interest in the property. South states that under Missouri law, a trustee under a deed of trust does not have any title to real estate, as the grantor in a deed of trust does not convey the title to the trustee, but rather creates a lien on the land to secure the payment of a debt, citing <u>R. L. Sweet Lumber Company v. E. L. Lane, Inc.</u>, 513 S.W.2d 365, 368 (Mo. 1974) (en banc). South asserts that plaintiff has not pleaded it has any interest in the property other than the bare conclusion that South "claim[s] or may claim an interest in the property" which is the subject of the suit. Am. Pet. ¶ 30.

Plaintiff does not respond directly to this argument but instead responds generally that a trustee is a proper party to a quiet title action, citing <u>Lukefahr v. U.S. Bank, N.A.</u>, 2014 WL 1648819, at *3 (E.D. Mo. Apr. 23, 2014) (concluding that trustee had "sufficient interest in the property to remain a party to the quiet title action," citing <u>Augustine v. Bank of America, N.A.</u>, 2012 WL 1379654, at *3 (E.D. Mo. Apr. 20, 2012)). Plaintiff adds that if he prevails in this action, his *ex ante* position would be the owner of a parcel of real estate subject to a deed of trust of which South is the substitute trustee.[7] Plaintiff asserts that as such, South is properly named as a defendant in the quiet title claim.

---

[7]Plaintiff's admission that his *ex ante* position would be as the owner of the property subject to the deed of trust directly contradicts the allegations of his quiet title claim as pleaded. The quiet title counts in both the Petition and the proposed Second Amended Complaint allege that the foreclosure "should be set aside, rescinded, and extinguished to void any interest claimed by each Defendant respectively, or collectively," and that the "interest of Plaintiff should not be encumbered by Defendants, or any of them." Pet. at 8; proposed Second Am. Compl. at 11.

It is undisputed, as a general proposition, that a trustee is a proper party to an action concerning a deed of trust. <u>See</u> <u>Williams III</u>, 25 S.W.3d at 158; <u>Casper</u>, 245 S.W.2d at 138. This does not, however, resolve the issue whether plaintiff's quiet title count states a claim against South. In <u>Wyatt v. Liberty Mortgage Corp.</u>, 2013 WL 6730298, at *3 (W.D. Mo. Dec. 19, 2013), the court that the plaintiff fraudulently joined the trustee of a deed of trust in a quiet title claim. The court concluded the plaintiff failed to state a "colorable" quiet title claim against the trustee where the only allegation against the trustee was that it intended to foreclose on property at the request of the note holder. <u>Id.</u> The court stated that the terms of the deed of trust confirmed the trustee's interest in the property was limited to foreclosing on it pursuant to the procedures set forth therein, and that limited interest was extinguished when the trustee completed the foreclosure sale. <u>Id.</u> The court concluded, "Without further allegations in the complaint that [trustee] either currently claims title to or possesses an independent interest in Plaintiffs' home, there are insufficient facts to support a colorable quiet title claim against [trustee]." <u>Id.</u> The Court finds this reasoning persuasive.

In the instant case, the Petition alleges only that South is the successor trustee under the deed of trust and that it foreclosed on the property, and asserts in a conclusory and equivocal manner that South "may claim an interest in the property." Am. Pet., ¶ 30. Under <u>Iqbal</u>, plaintiff's conclusory assertion is not entitled to be accepted as true. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678. The Deed of Trust is attached as an exhibit to the proposed Second Amended Complaint, and the Court will consider it in connection with the motion to dismiss. <u>See</u> <u>Cole v. Homier Distrib. Co.</u>, 599 F.3d 856, 863 (8th Cir. 2010) (in deciding a motion to dismiss, a court may consider documents attached to the complaint). Paragraph 22 of the Deed of Trust provides that if the lender invokes the power of sale, the trustee is to provide notice of sale as required by law, sell the property at public auction, deliver a trustee's deed to the purchaser, and apply the proceeds of sale in a specified order. <u>See</u> Doc. 44-1

at 26. Paragraph 24 of the Deed of Trust provides that the lender may remove the trustee and appoint a successor trustee who "shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law." Id.

The Court concludes that plaintiff fails to state a claim to quiet title against South because the Petition does not allege any facts showing that South claims any title, estate or interest in the real property. There are no factual allegations that South has or had an ownership or lien interest in the foreclosed property or any independent right to sell or dispose of it, or that South has any connection with the property apart from its duties as successor trustee under the Deed of Trust, pursuant to the language therein. The trustee's powers under a deed of trust are a matter of contract between the parties, and depend on the conditions expressed in the instrument. See Adams v. Boyd, 58 S.W.2d 704, 707 (Mo. 1933). None of the powers and duties specified in the deed of trust in this case, as listed above, serve to create a claim of title, estate or interest on South's part in the real property. The Court therefore respectfully declines to follow the decisions of its colleagues in Augustine and Lukefahr.[8]

---

[8]In Augustine, 2012 WL 1379654, at *1, the successor trustee argued that even if plaintiff stated a plausible claim to quiet title, the claim against it should be dismissed because of its status as a mere trustee holding no interest in the property. Id. at *3. The Court considered the appointment of successor trustee document and stated that it provided the successor trustee possessed "all of the rights and powers of the original trustee . . . with full power and authority to execute said trust." Id. at *3. The Court did not state what those rights and powers were. The Court concluded without citation to supporting legal authority that "[t]hese rights and powers undermine the assertion that [the successor trustee] has 'no interest whatever' in the real property in this case." Id. In Lukefahr, the trustee similarly moved to dismiss a quiet title claim based on its status as a mere trustee with no "title interest under the law." 2014 WL 1648819, at *3. The Court denied the motion, citing Augustine for the general principle that a trustee is a proper party in a suit involving a deed of trust, and concluding the trustee had a "sufficient interest in the property to remain a party to the quiet title action." Id.

The Court finds support for its conclusion in <u>Casper</u>, an action to set aside a foreclosure sale under a deed of trust. There, the Missouri Supreme Court rejected the argument that the trustee was a necessary party to the action, because the trustee did not claim any interest under the deed of trust or in the land involved in the action:

> It does not appear from the face of the petition, or any other part of the record, that the trustee claimed any interest under the deed sought to be cancelled or in the land which is involved in the instant action. It is not apparent that setting aside the foreclosure sale and cancelling the trustee's deed to respondent will in anywise affect the interest of the trustee. It does not appear that the trustee has any joint interest with either appellant or respondent or that a complete determination of the controversy between appellant and respondent cannot be had without his presence.

245 S.W.2d at 138. The same is true here. The Petition does not allege facts showing that South claims any title, estate or interest under the Deed of Trust or in the subject property, or that it would have such claims if the foreclosure sale were set aside, and therefore the quiet title claim against South lacks facial plausibility. Because plaintiff fails to plead an essential element of his quiet title claim, South's motion to dismiss it should be granted. As a result, the Court does not reach South's second argument, that the Petition fails to state a claim of quiet title because plaintiff does not plead facts showing he has superior title to the property.

**IV. Motion for Leave to File Second Amended Complaint**

Plaintiff moves under Rule 15(a), Fed. R. Civ. P., for leave to file a Second Amended Complaint to "describe in further detail the issues relating to wrongful foreclosure, the involvement of the respective Defendants and include a Count for Abuse of Process." Pl.'s Mot. for Leave at 1. Plaintiff submitted a proposed Second Amended Complaint with his motion. Defendant South opposes amendment of the wrongful foreclosure and quiet title claims on the basis that they "suffer from the same pleading deficiencies" as the Amended Petition. <u>See</u> South's Opp. Mot. Amend at 1. South opposes the addition of an abuse of process claim on the basis that it fails to state a claim

upon which relief can be granted. Defendants Nationstar and Fannie Mae do not oppose amendment of the wrongful foreclosure and quiet title claims, but oppose the addition of an abuse of process claim on the basis of futility, arguing that plaintiff fails to state a claim as a matter of law.

A. Legal Standard for Amendment of Pleadings

Under Rule 15(a)(2), if a party does not have the right to amend its pleading as a matter of course, it may amend with the opposing party's written consent or leave of court. A court should freely give leave when justice so requires. Rule 15(a)(2), Fed. R. Civ. P. The Court notes that the deadline for amending pleadings established in the Case Management Order had not passed at the time plaintiff's motion for leave to amend was filed, so Rule 15(a)(2)'s standard applies..

Although leave to amend is to be freely granted under Rule 15(a)(2), a court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). "[D]enial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." Crest Construction II, Inc. v. Doe, 660 F.3d 346, 358 (8th Cir. 2011) (quoted case omitted). Where leave to amend is denied on the basis of futility, it means the court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules. Cornelia I. Crowell GST Trust v. Possis Medical, Inc, 519 F.3d 778, 781-82 (8th Cir. 2008).

B. Discussion

*1. Tort Claim for Wrongful Foreclosure*

The Court has dismissed plaintiff's tort claim for wrongful foreclosure in the Amended Petition because plaintiff did not allege the required element that he was not in default at the time the foreclosure process was initiated. Dobson, 259 S.W.3d at 22. The Court intends that dismissal of this claim be with prejudice as against all of the defendants. Plaintiff will be denied leave to file

an amended claim for the tort of wrongful foreclosure unless he includes a factual allegation that he was not in default when the foreclosure process began.

### 2. *Equitable Wrongful Foreclosure Claim*

Plaintiff will be granted leave to amend his equitable wrongful foreclosure claim to allege additional facts to support the claim.

### 3. *Quiet Title Claim*

Plaintiff will be granted leave to amend his quiet title claim to allege additional facts to support the claim against defendants Nationstar and Fannie Mae. Plaintiff may not name South as a defendant in the quiet title claim unless he includes factual allegations showing that South claims some title, estate or interest in the subject property.

### 4. *Abuse of Process Claim*

Plaintiff's proposed abuse of process claim is based on Fannie Mae's filing of two state court suits against him for unlawful detainer following the foreclosure sale, through its attorney South. The abuse of process claim alleges that Fannie Mae, through South, filed motions for summary judgment in the unlawful detainer actions falsely stating under oath that plaintiff was provided with written notice of the foreclosure sale. Plaintiff alleges that Fannie Mae and South knew no notice of foreclosure was sent to him, and "wrongfully and maliciously caused the Sheriff to serve [plaintiff] with a summons and further wrongfully caused [plaintiff] to have to expend time and money to defend the actions in unlawful detainer as well as the summary judgment motions which were filed without justification." Proposed Second Am. Compl. at 10, ¶¶ 57-60.

The defendants argue that plaintiff fails to state a claim for abuse of process because he has not pleaded facts to show the unlawful detainer proceedings were used to accomplish any collateral

or ulterior purpose other than obtaining possession of the property, which is the legitimate function of an unlawful detainer action. The Court agrees.

"There are three elements that a successful plaintiff must prove to succeed on a claim for abuse of process under Missouri law: '(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted.' Stafford v. Muster, 582 S.W.2d 670, 678 (Mo. 1979) (en banc)." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 n.4 (8th Cir. 2002). "'Stated another way, the test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process.' Ritterbusch v. Holt, 789 S.W.2d 491, 493 n.1 (Mo. 1990) (en banc)." Nichols, 284 F.3d at 861 n.4.

A claim for "[a]buse of process is not appropriate where the action is confined to its regular function even if the plaintiff had an ulterior motive in bringing the action, or if the plaintiff knowingly brought the suit upon an unfounded claim. It is where the claim is brought not to recover on the cause of action stated, but to accomplish a purpose for which the process was not designed that there is an abuse of process." Misischia v. St. John's Mercy Med. Ctr., 30 S.W.3d 848, 862 (Mo. Ct. App. 2000), abrogated on other grounds by Ellison v. Fry, __ S.W.3d __, 2014 WL 4086480, at **5-6 (Mo. Aug. 19, 2014) (en banc). The Eighth Circuit has quoted a leading treatise on tort law to explain the nature of abuse of process claims:

> The use of process "usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation rather than the issuance or any formal use of the process itself, which constitutes the tort." W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 121, at 898 (5th ed. 1984).

Nitcher v. Does, 956 F.2d 796, 800 n.5 (8th Cir. 1992) (applying Missouri law). In Nitcher, the prisoner plaintiff's filing of a lawsuit for the unwarranted purpose of attempting to escape from prison was held to constitute abuse of process. Another case illustrating an abuse of process is Ritterbusch, 789 S.W.2d at 492, in which the defendant unsuccessfully attempted to extort payment of a civil claim against the plaintiff by filing a criminal complaint against him in municipal court, alleging that Ritterbusch had maliciously damaged an automobile.

Here, plaintiff does not allege that Fannie Mae and South acted with any improper purpose in filing the unlawful detainer actions. Plaintiff alleges that the defendants had a sheriff serve him with summons for the unlawful detainer actions, and then filed summary judgment motions that included the false averment plaintiff was provided notice of the foreclosure sale. The essence of plaintiff's abuse of process claim is that the defendants knowingly filed the unlawful detainer actions based on an unfounded claim and then filed false summary judgment motions. These allegations do not constitute an abuse of process. See Misischia, 30 S.W.3d at 862.

Plaintiff fails to allege that the defendants sought any unlawful end or to compel plaintiff to perform a collateral act that he could not be compelled to do legally. Plaintiff's abuse of process claim does not allege that the defendants acted with a purpose other than obtaining possession of the real property, which is the central purpose of the unlawful detainer statute. See, e.g., Federal Nat'l Mortg. Ass'n v. Wilson, 409 S.W.3d 490, 495 (Mo. Ct. App. 2013) ("An action for unlawful detainer is a limited statutory action where the sole issue to be decided is the immediate right of possession to a parcel of real property."). As a result, plaintiff's proposed Second Amended Complaint fails to state a claim for abuse of process. Plaintiff's motion for leave to amend his complaint to add an abuse of process claim will be denied, as the amendment would be futile.

## V. Conclusion

For the foregoing reasons, the Court concludes that South's motion to dismiss for failure to state a claim upon which relief can be granted should be (1) granted as to the tort claim for wrongful foreclosure in Count I; (2) denied as to the equitable foreclosure claim in Count I; and (3) granted as to the quiet title claim in Count II.

The Court further concludes that plaintiff's motion for leave to file a second amended complaint should be (1) denied as to a tort claim for wrongful foreclosure, unless plaintiff alleges that he was not in default under the mortgage when the foreclosure proceedings began; (2) granted as to an equitable foreclosure claim; (3) granted as to a quiet title claim against Nationstar and Fannie Mae; and (4) denied as futile on the claim for abuse of process.

Accordingly,

**IT IS HEREBY ORDERED** that defendant South & Associates, P.C.'s Motion to Dismiss Plaintiff's First Amended Petition is **GRANTED in part** and **DENIED in part**; the motion is **GRANTED** as to the tort claim for wrongful foreclosure in Count I, and the quiet title claim against South in Count II; the motion is **DENIED** as to the equitable foreclosure claim in Count I. [Doc. 26]

**IT IS FURTHER ORDERED** that plaintiff's Motion to File Second Amended Complaint is **GRANTED in part** and **DENIED in part** as follows: The motion is (1) **DENIED** as to a tort claim for wrongful foreclosure, unless plaintiff alleges that he was not in default under the mortgage when the foreclosure proceedings began; (2) **GRANTED** as to an equitable foreclosure claim; (3) **GRANTED** as to a quiet title claim, except that South & Associates, PC shall not be named as a defendant therein unless plaintiff alleges facts to show that South claims some title, estate or interest in the subject property; and (4) **DENIED** as futile on the claim for abuse of process. [Doc. 44]

**IT IS FURTHER ORDERED** that plaintiff shall file any amended complaint by **September 15, 2014**, and the same shall be in accordance with the terms of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court will issue an appropriate order of partial dismissal in accordance with this Memorandum and Order after plaintiff's amended complaint is filed.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of September, 2014.